IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

CIVIL CASE: 5:11cv29-RJC

| | |
|---|---|
| JEFFREY L. PHIFER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NOTICE AND ORDER |
| | ) |
| IREDELL COUNTY, et. al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint pursuant to 42 U.S.C. § 1983, filed March 16, 2011. (Doc. No. 1).

A case filed under 42 U.S.C. § 1983 requires a deprivation of a right secured by federal law by a person acting under color of state law. Section 1983 applies to violations of federal constitutional rights, as well as certain limited federal statutory rights. See Maine v. Thibotout, 448 U.S. 1 (1980); see also Gonzaga University v. Doe, 536 U.S. 273, 283 (2002) (holding that a right must be "unambiguously conferred" by a statute to support a Section 1983 claim). Title 28 U.S.C. § 1915A directs the Court to conduct an initial review of civil actions by prisoners seeking relief from a governmental entity or employee and identify cognizable claims or dismiss the complaint, or parts thereof. Additionally, the Federal Court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. See Haines v. Kerner, 404 U.S. 519, 20-21 (1972). However, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine

issue of material fact where none exists.  Weller v. Department of Social Services, 901 F.2d 387, 391 (4th Cir. 1990).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  To survive initial review, a *pro se* prisoner complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, ─── U.S. ───, 129 S.Ct. 1937, 1949 (2009) (internal quotation and citation omitted); see also Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the Twombly/Iqbal plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).  This "plausibility" standard is satisfied "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S.Ct. at 1949 (citation omitted).

Plaintiff's Complaint states the following:

On or about December 21, 2007 Plaintiff detainee was in [sic] physical altercation with [sic] federal detainee in Iredell County Jail and was tasered twice by defendants.
Plaintiff complied with order to stretch out and put [sic] hands behind [sic] back and was handcuffed and escorted outside [sic] cell-block, when electrodes were removed by one unknown officer.
He was then escorted to [sic] nurse's station and treated for taser puncture injuries and felt fine for seven months afterward and then suddenly he began experiencing severe pain during urination, as well as complications when attempting to walk, that became permanent.

(Doc. No. 1 at 3 ¶ 5).  In other words, Plaintiff's Complaint alleges that he was tasered during a fight and seven months later began experiencing pain during urination and having trouble walking.  These bare facts are insufficient to state a claim upon which relief may be granted, exposing the Complaint to dismissal.  Nevertheless, the Court will allow Plaintiff to file an

2

Amended Complaint providing a sufficient factual basis to state an actionable § 1983 claim.

**IT IS, THEREFORE, ORDERED** that if Plaintiff wishes to pursue claims against the named defendants, he must file an Amended Complaint within 30 days of the entry of this Order. Plaintiff is **ADVISED** that if he does not timely file an Amended Complaint that states an actionable § 1983 claim, his case will be dismissed, and the dismissal of this action shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. See 28 U.S.C. § 1915(b)(1). Plaintiff is **ADVISED** to *include only related claims* in the Amended Complaint. Claims found to be unrelated will be severed into new cases, new case numbers will be assigned, and *additional filing fees will be assessed*.

The Clerk is **DIRECTED** to mail Plaintiff a copy of his original complaint (Doc. No. 1) and a § 1983 civil rights complaint form and instructions along with this Order.

Finally, if Plaintiff no longer wishes to pursue this action, he may file a motion to voluntarily dismiss the case within 30 days of the entry of this Order. Otherwise, failure to file an Amended Complaint shall result in dismissal of this action with prejudice, pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Signed: May 10, 2011

Robert J. Conrad, Jr.
Chief United States District Judge