# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION

### CIVIL CASE: 5:11cv29-RJC

| | | |
|---|---|---|
| **JEFFREY L. PHIFER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **ORDER** |
| | ) | |
| **IREDELL COUNTY, <u>et. al.</u>,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint (Doc. No. 1) and Amended Complaint (Doc. No. 10) filed pursuant to 42 U.S.C. § 1983.

Plaintiff asserts that he was a pre-trial detainee at the Iredell County Jail when he became involved in a physical altercation with a federal detainee on or about December 21, 2007. Plaintiff asserts that during the fight, he was tasered twice in the spine by Defendants Lucky and "unknown detention officer." Plaintiff contends that he immediately complied with Defendants' instructions, that the taser electrodes were removed from his back, and that he was taken to the jail nurse's station for treatment of his taser punctures. Plaintiff contends further that he did not notice any ill-effects for the first seven months but then began experiencing severe pain during urination and difficulty walking. Plaintiff claims that Defendants Lucky and "unknown detention officer" used excessive force when they tasered him and that, as a result, he has suffered permanent injury.

A case filed under 42 U.S.C. § 1983 requires a deprivation of a right secured by federal law by a person acting under color of state law. Section 1983 applies to violations of federal

constitutional rights, as well as certain limited federal statutory rights.  See Maine v. Thibotout, 448 U.S. 1 (1980); see also Gonzaga University v. Doe, 536 U.S. 273, 283 (2002) (holding that a right must be "unambiguously conferred" by a statute to support a Section 1983 claim).  Title 28 U.S.C. § 1915A directs the Court to conduct an initial review of civil actions by prisoners seeking relief from a governmental entity or employee and identify cognizable claims or dismiss the complaint, or parts thereof.

The Court has conducted an initial review of Plaintiff's Complaint and Amended Complaint and has determined that Plaintiff's claim against the Iredell County Jail shall be dismissed because the jail is not a "person" subject to suit under § 1983.  See e.g., Petty v. Krause, No. 1:10CV573, 2011 WL 1599233, at *2 (M.D.N.C. April 27, 2011) (Auld, M.J.) (unpublished); Jones v. Lexington Cnty. Det. Ctr., 586 F.Supp.2d 444, 451 (D.S.C. 2008); Flores v. Henderson Cnty. Det. Ctr., No. 1:07CV120–01–MU, 2007 WL 1062973, at *1 (W.D.N.C. Apr. 4, 2007) (unpublished) ("[A] county detention center is not a proper party to a § 1983 claim.").  Furthermore, even if the Iredell County Jail could be subject to suit under § 1983, Plaintiff has failed to identify any federal right that it violated.  The Court also has determined that Defendant Lucky and Defendant "unknown detention officer" should file an Answer to Plaintiff's claim that they used excessive force and caused him permanent injury.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that:

1.  Defendant Iredell County Jail is dismissed and should be removed from the caption of this case,

2.  The Clerk shall provide a copy of this Order to the Sheriff of Iredell County;

3.  The Sheriff of Iredell County shall within twenty (20) days of the filing of this Order, file a document in this Court stating the full names of Defendant Lucky

and the detention officer who was involved in a use of force incident involving Plaintiff on or about December 21, 2007 and stating whether they remain employed at the Iredell County Jail.  If Defendants are no longer employed at that facility, the Sheriff shall file the document under seal and provide forwarding addresses for both.

4.  The Clerk of Court, upon receipt of the document identifying Defendants Lucky and "unknown detention officer," shall issue summons for both and deliver them forthwith to the U.S. Marshall who will make service of process without additional cost;

5.  The Clerk of Court also shall change the docket to reflect Defendant Lucky's first and last name and "unknown detention officer's" first and last name; and

6.  Defendants Lucky and "unknown detention officer" shall file an Answer to the claim in Plaintiff's Complaint in accordance with the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Signed: June 1, 2011

Robert J. Conrad, Jr.
Chief United States District Judge