## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION

### CIVIL CASE: 5:11cv29-RJC

| | |
|---|---|
| JEFFREY L. PHIFER,         ) | |
|                   ) | |
|     Plaintiff,          ) | |
|                   ) | |
|        v.             ) | **NOTICE & ORDER** |
|                   ) | |
| IREDELL COUNTY, <u>et. al.</u>,    ) | |
|                   ) | |
|     Defendants.       ) | |

THIS MATTER is before the Court upon Defendants Luckey and Pitts's Motion To Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. No. 19). In accordance with <u>Roseboro v. Garrison</u>, 528 F.2d 309, 310 (4th Cir. 1975), the Court advises Plaintiff, who is proceeding *pro se*, of the heavy burden that he carries in responding to Defendants' Motion.

In responding to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must show that he has made sufficient factual allegations to support a cause of action which is recognized by law. <u>Bell Atl. Corp. v. Twombley</u>, 550 U.S. 544, 555 (2007) (Plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level.") (citation omitted); <u>Coleman v. Md. Ct. of Appeals</u>, 626 F.3d 187, 190 (4th Cir. 2010). In considering Plaintiff's Complaint, the Court "'need not accept [his] legal conclusions drawn from the facts,'" nor need it "'accept as true unwarranted inferences, unreasonable conclusions, or arguments.'" <u>Philips v. Pitt County Mem'l Hospital</u>, 572 F.3d 176, 179-80 (4th Cir. 2009) (quoting <u>Kloth v. Microsoft Corp.</u>, 444 F.3d 312, 319 (4th Cir. 2006)).

Plaintiff is advised that the Court may take judicial notice of matters of public record without converting a motion to dismiss to a motion for summary judgment. See e.g., Fed. R. Evid. 201; Philips, 572 F.3d at 180 (citations omitted). Plaintiff is advised further, however, that if he chooses to file documents, affidavits, or declarations in opposition to Defendants' Motion to Dismiss, such action may result in the conversion of the Motion to Dismiss to a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(d).

**IT IS, THEREFORE, ORDERED** that Plaintiff has thirty (30) days from the entry of this Order to file his response to Defendants' Motion to Dismiss. (Doc. No. 19). Plaintiff's failure to respond may result in the granting of Defendants' Motion and the dismissal with prejudice of Plaintiff's § 1983 Complaint..

**SO ORDERED**.

Signed: August 9, 2011

Robert J. Conrad, Jr.
Chief United States District Judge