# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## 5:11-cv-29-RJC

|  |  |  |
|---|---|---|
| JEFFREY L. PHIFER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| IREDELL COUNTY et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** comes before the court on a motion to dismiss by Defendants Charles

A. Luckey and Chris Pitts ("Defendants"), filed on August 3, 2011.  (Doc. No. 19).

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Jeffrey L. Phifer is an inmate housed at Johnston Correctional Institution.  On

March 16, 2011, Plaintiff filed a Complaint against Iredell County, "Lieutenant Lucky" of the

Iredell County Jail, and "One Unknown Name [sic] Detention Officer" of the Iredell County Jail.

(Doc. No. 1 at 2).  Plaintiff alleged that, on or around December 21, 2007, he was involved in a

physical altercation with another inmate and was tasered twice by the Defendants as a result.

(Id. at 3).  Plaintiff alleged Defendant Unknown Officer removed the taser electrodes from

Plaintiff's back.  Id.  Plaintiff was then escorted to the nurse's station where he was treated for

taser puncture injuries.  Id.  Plaintiff alleged that for seven months he felt fine, but that he later

began experiencing severe pain and complications when attempting to walk.  Id.

On May 11, 2011, this Court ordered Plaintiff to file an Amended Complaint providing a

sufficient factual basis to state an actionable § 1983 claim.  (Doc. No. 8).  Plaintiff filed an

Amended Complaint on May 20, 2011.  (Doc. No. 10).  In his Amended Complaint, Plaintiff

asserted that the factual allegations of his original Complaint constitute cruel and unusual

punishment.  (Id.)  Plaintiff did not include any additional factual allegations.

By Order dated June 1, 2011, the Court dismissed Iredell County from the lawsuit and

ordered the Sheriff of Iredell County to provide Lieutenant Luckey's full name as well as the

name of the unidentified officer.  (Doc. No. 11 at 2-3).  On June 20, 2011, the Iredell County

Sheriff indicated in a letter to the Court that Lieutenant Luckey's full name is Charles A. Luckey

and the unidentified officer's name is Chris Pitts.  (Doc. No. 12 at 1).  Luckey and Pitts are now

the sole defendants in this action.

## II.    STANDARD OF REVIEW

Because there is no explicit statute of limitations for actions brought pursuant to 42

U.S.C. § 1983, courts look to the personal injury statute of limitations from the relevant state.

Wallace v. Kato, 549 U.S. 384, 387 (2007).  In North Carolina, the statute of limitations for

personal injuries is three years.  See N.C. GEN. STAT. § 1-52(16).  Under N.C. GEN. STAT. §

1-52(13), the statute of limitations for claims against public officers acting under color of office

is also three years.

Although the statutory limitations period for Section 1983 actions is borrowed from state

law, "[t]he time of accrual of a civil rights action is a question of federal law."  Cox v. Stanton,

529 F.2d 47, 50 (4th Cir. 1975).  "Federal law holds that the time of accrual is when plaintiff

knows or has reason to know of the injury which is the basis of the action."  Id.; see Urie v.

Thompson, 337 U.S. 163, 170 (1949) (noting that "statutes of limitations . . . conventionally

require the assertion of claims within a specified period of time after notice of the invasion of

legal rights"); Blanck v. McKeen, 707 F.2d 817, 819 (4th Cir. 1983) (noting that the statute of

limitations "does not begin to run until the plaintiff discovers, or by the exercise of due diligence should have discovered, the facts forming the basis of his cause of action").

A plaintiff need only be "aware of his injury and its probable cause." United States v. Kubrick, 444 U.S. 111, 118 (1979); see also Muth v. United States, 1 F.3d 246, 249 (4th Cir. 1993). The statute of limitations runs when the plaintiff has, or ought to have, answers to two questions: "'Am I injured? Who injured me?' At that point, the plaintiff has enough information to begin investigating his claims." Childers Oil Co. v. Exxon Corp., 960 F.2d 1265, 1272 (4th Cir. 1992) (citing Kubrick, 444 U.S. at 122); Gould v. United States Dep't of Health & Human Servs., 905 F.2d 738, 742 (4th Cir. 1990) (en banc), cert. denied, 498 U.S. 1025 (1991).

## III. DISCUSSION

Here, Plaintiff knew he was injured on December 21, 2007. Plaintiff concedes that he was escorted to the nurse's station and was given medical treatment for taser puncture injuries to his spine. (Doc. Nos. 1; 10). Plaintiff also knew the cause of his injury, as he alleged that he was tasered twice by the Defendants. (Doc. No. 1) Therefore, the statute of limitations began to run on December 21, 2007, when Plaintiff knew (1) that he was injured and (2) who injured him. At that point, Plaintiff had enough information to begin investigating a claim against the Defendants. See Childers Oil Co., 960 F.2d at 1272. Plaintiff filed his Complaint in this action on March 16, 2011, more than three years after the December 21, 2007 incident. Therefore, Plaintiff's Section 1983 claim is barred by the statute of limitations. See N.C. GEN. STAT. §§ 1-52(16); (13),

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Dismiss, (Doc. No. 19), is **GRANTED**, and Plaintiff's Section 1983 action is **DISMISSED with prejudice**.

Signed: January 17, 2012

Robert J. Conrad, Jr.
Chief United States District Judge